1  WILLIAM M. SHERNOFF #38856
   wshernoff@shernoff.com
2  TRAVIS M. CORBY #268633
3  tcorby@shernoff.com
   **SHERNOFF BIDART ECHEVERRIA LLP**
4  600 South Indian Hill Boulevard
5  Claremont, California  91711
   Phone:  (909) 621-4935
6  Facsimile:  (909) 625-6915
7  Attorneys for Plaintiff

8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12  COMPREHENSIVE MEDICAL          Case No.: 2:17-CV-07672 JAK(JPRx)
13  CENTER, INC.,                  *Assigned for all purposes to the*
                                   *Honorable Judge John A. Kronstadt*
14         Plaintiff,
15                                 **PLAINTIFF'S OPPOSITION TO**
    vs.                            **MOTION TO CONFIRM**
16                                 **APPRAISAL AWARD**
17  STATE FARM MUTUAL
    AUTOMOBILE INSURANCE           Date:     October 26, 2020
18  COMPANY and DOES 1 through     Time:     8:30 a.m.
19  10,                            Dept.     10B
20         Defendants.
21

22

23

24

25

26

27

28

**INTRODUCTION**

The appraisal panel's award should not be confirmed because the panel encroached on coverage and causation issues, which are beyond the panel's authority to determine. In its award, the panel determined that, after the water loss, it would have taken 3 months for Plaintiff to restore its lab equipment to full functionality. Therefore, the panel did not apply the 3.75% growth rate for the first three months of the period of lost income. By doing this, the panel determined that the lost income was in part *caused* by something other than the water intrusion. It also encroached on *coverage* issues because the loss of income due to the impaired functionality of the equipment could be its own claim under the policy. Therefore, if the award is not vacated in its entirety, it should only be confirmed only with respect to the 3.75% growth rate and the actual revenue as indicated in Section IV of the award.

**ARGUMENT**

In response to a petition to confirm an appraisal award, the court may dismiss the petition, correct the award, or vacate it, if the appraisers "exceeded their powers." Cal Code Civ. Proc §§ 1285.2, 1286.2, 1286.6.

Appraisers only have the power to determine the amount of damage to items submitted for their consideration, not questions of coverage, causation, or policy interpretation. *Jefferson Ins. Co. v. Superior Court,* 3 Cal. 3d 398, 403 (1970); *see also Figi v. New Hampshire Ins. Co*., 108 Cal. App. 3d 772, 777 (1980). Unlike an arbitrator, "an appraiser has authority to determine only a question of fact, namely the actual cash value or amount of loss of a given item." *Kirkwood v. California State Automobile Assn. Inter-Ins. Bureau*, 193 Cal. App. 4th 49, 59 (2011).

An appraisal panel exceeds its authority if it makes causal determinations related to coverage. For example, in *Kacha v. Allstate Ins. Co.,* 140 Cal. App. 4th 1023 (2006), the insured submitted a claim for fire and smoke damage due to a wildfire. *Kacha* at 1026. In its appraisal brief, the insurer claimed that the damage

SHERNOFF BIDART
ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

1   to some items was not caused by the wildfire. *Id.* at 1027-1028. Then at the

2   appraisal, the panel assigned an amount of zero for numerous items claimed by the

3   insured. *Id*. at 1029. The court in *Kacha* vacated the award, holding that the panel

4   exceeded its authority by determining that certain claimed losses were not covered

5   by the policy. *Id*. at 1036-1037. The court reasoned that the panel improperly

6   determined that the damage to the items was caused by something other than the

7   wildfire. *Id*.; see also *Safeco Ins. Co. v. Sharma,* 160 Cal.App.3d 1060 (1984)

8   ("appraisal panel exceeds its authority if it determines that the nature of the lost or

9   damaged item is not what the policyholder claims").

10   Here, the award should be modified, if not vacated, because parts of the

11   appraisal award include determinations that required the appraisal panel to exceed

12   its authority. Specifically, the panel determined, or assumed, that Plaintiff could

13   have restarted operation of its lab testing equipment (as if no water damage

14   occurred) by September 30, 2016. Therefore, the panel did not apply the 3.75%

15   growth value to June, July and August of 2016, thereby making the forecasted

16   revenue lower for every month in the model.

17   This offset required the panel to make a determination regarding coverage

18   and causation issues. Specifically, by determining that it would have taken three

19   months for Plaintiff to bring its testing equipment back up to fully operational, the

20   panel, by implication, determined issues of causation and coverage under the

21   policy. First, the panel's award encroached upon a coverage issue because the pre-

22   water loss issues with the lab equipment could be a separate claim under the

23   policy, and therefore it involves a coverage analysis. *See Nat'l Ink & Stitch, LLC v.*

24   *State Auto Prop. & Cas. Ins. Co.* (D.Md. 2020) 435 F. Supp. 3d 679 (impaired

25   functionality of computer system qualifies as "physical loss or damage to"

26   property). Second, the panel's award encroached upon causation issues because it

27   determined that, for three months after the loss, the impaired functionality of the

28   lab equipment caused a portion of the loss of income. Thus, the 3.75% growth rate

PLAINTIFF'S OPPOSITION TO MOTION TO CONFIRM APPRAISAL AWARD

wasn't applied until three months *after* the water loss, because the panel
determined that is when the lab equipment would be fully functional.

Therefore, because the panel exceeded the scope of its authority by
encroaching on causation and coverage issues, the award should be modified, if not
vacated. Specifically, if the award is not vacated, Plaintiff requests that the award
be confirmed only with respect to the 3.75% growth rate and actual revenue as
determined by the panel in section IV of the award, but not the forecasted values,
which depend on when the lab equipment would have been restored to full
functionality. Instead, the jury should decide when the lab equipment would have
been fully functional, and therefore, what month the 3.75% growth rate would
begin to apply.

### CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the
appraisal award should be vacated, and if not, confirmed only with respect to the
3.75% growth rate and the actual revenue as indicated in Section IV of the award.

DATED: August 21, 2020                    SHERNOFF BIDART ECHEVERRIA LLP


By: _____
        WILLIAM M. SHERNOFF
        TRAVIS M. CORBY
        Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  301 North Cañon Drive, Suite 200, Beverly Hills, California 90210.

On August 21, 2020, I served the foregoing document described as:  **PLAINTIFF'S OPPOSITION TO MOTION TO CONFIRM APPRAISAL AWARD** on all interested parties in this action by placing [  ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

(See Attached Service List)

[  ] BY MAIL  I caused such envelope to be deposited in the mail at Beverly Hills, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[  ] BY PERSONAL SERVICE  I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto.  A proof of service executed by the delivery person will be mailed under separate cover.

[  ] BY OVERNIGHT MAIL/COURIER  To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[X]  BY CM/ECF ELECTRONIC DELIVERY:  In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on August 21, 2020, at Bevery Hills, California.

_____
Belinda DesJardins

## SERVICE LIST

Valerie Rojas, Esq.                          Attys for Defendant State Farm General
COZEN O'CONNOR                               Insurance Company
601 S. Figueroa St., Suite 3700
Los Angeles, California  90017
213-892-7965 - Fax - 213-784-9076
VRojas@cozen.com