**COZEN O'CONNOR**
Valerie D. Rojas, State Bar No. 180041
*vrojas@cozen.com*
Angel Marti, III, State Bar No. 305300
*amarti@cozen.com*
601 South Figueroa Street, Suite 3700
Los Angeles, CA 90017-5556
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPREHENSIVE MEDICAL CENTER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM GENERAL INSURANCE COMPANY and DOES 1 through 10, <br><br> Defendant. | Case No. 2:17-cv-07672- JAK(JPRx) <br><br> Assigned to Honorable Judge John A. Kronstadt <br><br> [State Court Case No. BC675826] <br><br> **DEFENDANT STATE FARM'S REPLY IN SUPPORT OF ITS MOTION TO CONFIRM THE APPRAISAL AWARD** <br><br> Date: October 26, 2020 <br> Time: 8:30 a.m. <br> Courtroom: 10B |

LEGAL\48301812\1

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Comprehensive Medical Center, Inc.'s ("Plaintiff") Opposition is fundamentally a motion for reconsideration in disguise because this Court previously ordered the Parties to proceed to an Appraisal on June 11, 2019; this Court clearly delineated the issues that the Panel could make determination on; and the Panel's decision did not exceed the specific parameters set by this Court.

Nevertheless, Plaintiff hopelessly argues that the Panel's appraisal award should not be confirmed because the Panel encroached on coverage and causation issues. Specifically, Plaintiff argues the Panel determined that it would have taken three (3) months for Plaintiff to restore its medical laboratory equipment to full functionality and thus, the 3.75% growth rate applied to the loss of income following the subject water loss was not applied to the first three (3) months. [Plaintiff's Opposition, p. 3:12-16]. As such, Plaintiff argues that the entire appraisal award must be vacated or, in the alternative, the 3.75% growth rate must be applied to the first three (3) months after the loss. *Id.* at p. 2:10-13. Plaintiff's position is unavailing.

To begin with, the arguments and issues that Plaintiff raises in its Opposition were unambiguously addressed by this Court when it granted State Farm's Motion to Compel the Appraisal on June 11, 2019. More specifically, this Court ordered the Panel to determine loss of business income "during the 16 months following the water leakage, and to determine the appropriate baseline income necessary to make that calculation." *See,* Dkt. No. 50, p. 10. Of note, this Court allowed the Panel to make determinations regarding "*any problems presented by newly-installed laboratory testing equipment, and how long such problems would likely have continued.*" *Id* (emphasis added). The Panel made such determinations when it issued its appraisal award and when it determined that the 3.75% growth rate would not be applied to the first three (3) months after the water loss. For this reason alone, the Panel's award should be confirmed.

In addition, the operation of the medical laboratory equipment was independent of the subject water loss because Plaintiff was experiencing ongoing issues with the equipment prior to the loss—which is undisputed. Consequently, any determinations regarding the laboratory equipment concerned the nature and value of the business at the time the water loss occurred. This is distinguishable from determining the cause of the loss, which is inappropriate for an appraisal panel to determine. Indeed, this Court expressly recognized the difference between making causation determinations (e.g., whether an item was damaged as a result of the water loss) and determinations regarding the value of the business—which considers available data and information about the pre-loss operation of a business. *See,* Dkt. No. 50.

Moreover, there is a presumption favoring the validity of an appraisal award, and a party must demonstrate substantial prejudice to vacate an award. *Betz v. Pankow,* 16 Cal.App.4th 919, 923 (1993). Plaintiff failed to establish any prejudice. Indeed, because the Panel adopted Plaintiff's preferred baseline income level (which led to a higher award), Plaintiff did not suffer any prejudice.

Based on the aforementioned, State Farm respectfully requests for this Court to Confirm the Appraisal Award.

## II. ARGUMENT

### A. Because The Panel Made Determinations Within The Parameters Set By This Court, The Appraisal Award Should Be Confirmed

As noted above, Plaintiff argues that the appraisal award should be vacated because the Panel improperly made causation and coverage determinations when it determined that it would have taken three (3) months for Plaintiff to restore its medical laboratory equipment to full functionality. [Plaintiff's Opposition, p. 3:12-16]. However, this argument completely ignores the specific parameters that were delineated by this Court on June 11, 2019.

In the Order compelling the Parties to participate in an appraisal proceeding, this Court stated the following:

> For all the foregoing reasons, the Appraisal Panel has the authority to decide the "amount of loss" to Plaintiff during the 16 months following the water leakage, and to determine the appropriate baseline income level necessary to make that calculation. The Appraisal Panel may consider any relevant business condition that, independent from the insured cause of loss, may have affected the amount of income lost as a result of the leakage. **<u>This may include, but is not limited to, any problems presented by newly-installed laboratory testing equipment, and how long such problems would likely have continued.</u>** The Appraisal Panel may also consider other relevant factors that affect revenue and profitability.

*See,* Dkt. No. 50, p. 10 (emphasis added).

Without question, the Panel acted within these specific boundaries when it determined that the medical laboratory equipment could have been fully functional three (3) months after the water loss. And based on this determination, the Panel made an appropriate decision not to apply the 3.75% growth rate until three (3) months after the water loss. Therefore, the Panel acted well within its authority, and it is quite clear that Plaintiff's Opposition is a motion for reconsideration in disguise given that this Court already addressed the same issues and arguments Plaintiff raises in its Opposition. Accordingly, State Farm respectfully requests that this Court grant its Motion to Confirm the Appraisal Award.

### B. <u>Notwithstanding The Parameters Set By This Court, The Panel's Determinations Regarding The Operation Of The Laboratory Equipment Are Independent Of The Water Loss</u>

Even if this Court's specific parameters are ignored (as Plaintiff has done in its Opposition), the Panel nevertheless acted appropriately when it determined that it

would have taken three (3) months for Plaintiff to restore its laboratory equipment to full functionality. This determination is proper because it is undisputed that Plaintiff was experiencing significant issues with the laboratory equipment prior to the water loss as Plaintiff was preparing a lawsuit against the seller of the laboratory equipment. *See,* Ex. 2 [Appraisal Award], p. 5 of 11. Accordingly, the Panel's determination regarding the functionality of the laboratory equipment concerned the *nature and value* of the business at the time the water loss occurred. This is clearly distinguishable from determining the cause of the loss, which is beyond the panel's authority. Although this distinction is subtle, this Court highlighted such a distinction in its Order compelling the appraisal:

> The issue presented in this action is different. The issue here is not what caused the loss; it is undisputed that it was the leakage. Instead the issue is how to value that loss in light of the available data and information about the pre-loss operation of the clinic… Although this distinction is subtle, it is clear.

*See,* Dkt. No. 50, p. 9 of 11.

Therefore, because Plaintiff was experiencing issues with the laboratory equipment prior to the water loss, it is unequivocal that the Panel did not make causation and/or coverage determinations as a result of the water loss. Instead, it was appropriately valuing the business when it applied the 3.75% growth rate three (3) months after the subject water loss.

### C. The Appraisal Award Is Only A Determination Of Value, Not Liability Nor The Period Of Restoration

In its Opposition, Plaintiff conflates various issues in its futile attempt to vacate the appraisal award. However, the truth is that the appraisal award is only a determination of value, not liability nor the appropriate period of restoration. Here, the Panel determined the amount of loss of business income from June 2016 to September

2017. The Panel, however, did not determine the appropriate period of restoration as it correctly recognized that Plaintiff's duty to mitigate its damages is a matter of contract interpretation (a subject beyond the appraisal process). *See,* Ex. 1, Section IV.D., Appraisal Award ("The obligation of [Plaintiff] to mitigate its damages is a matter of contract interpretation, a subject that is beyond the scope of the appraisal process."). Therefore, the remaining issue of whether Plaintiff promptly remediated the insured property is left to be debated in this lawsuit.

### D. **Plaintiff Has Failed To Demonstrate Any Prejudice To Vacate The Appraisal Award**

As noted in the moving papers, public policy favors finality in arbitration awards, and there is a presumption for its validity. *Dornbirer v. Kaiser Foundation Health Plan, Inc.*, 166 Cal.App.4th 831, 839 (2008). "There is a presumption favoring the validity of the award, and [the party challenging the award] bears the burden of establishing [a] claim of invalidity." *Betz v. Pankow,* 16 Cal.App.4th 919, 923 (1993). A party seeking to vacate an award has the burden of producing evidence that demonstrates both a statutory ground for vacating the award, and substantial prejudice. *United Brotherhood of Carpenters & Joiners v. DeMello,* 22 Cal.App.3d. 838, 840 (1972).

In its Opposition, Plaintiff failed to explain any prejudice it incurred as a result of the Appraisal Award. Being unsatisfied with the appraisal award cannot be considered prejudicial as every appraisal award would effectively be vacated. Moreover, Plaintiff cannot argue that it suffered prejudice because the Panel ruled in Plaintiff's favor with respect to Plaintiff's primary concern prior to the appraisal proceeding—i.e., which pre-loss baseline income level is the proper one for an appraisal. Here, the Panel considered Plaintiff's revenue and expenses for 2014, 2015, and the first five months of 2016, rather than State Farm's proposed baseline that only focused on the first five months of 2016—which reflected a trend of diminished profits. By adopting Plaintiff's preferred baseline, Plaintiff undoubtedly received a

higher appraisal award. This fact effectively undercuts any argument that Plaintiff incurred prejudice. Accordingly, the appraisal award should not be vacated.

## III. CONCLUSION

For the foregoing reasons and authority, State Farm respectfully requests that this Court confirm the Appraisal Award.

Dated: September 21, 2020          COZEN O'CONNOR

By: */s/Angel Marti, III*
Valerie D. Rojas
Angel Marti, III
Attorney for Defendant,
STATE FARM GEN. INS. CO.